IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

**FILED BY**

JUL 1 4 2005

Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

| | | |
|---|---|---|
| PYROTEK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1144-T/An |
| | ) | |
| MARK QUACKENBUSH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO REMAND

The plaintiff, Pyrotek, Inc., filed this action in the Circuit Court of Gibson County, Tennessee, on April 15, 2005. Defendant Mark Quackenbush removed the action to this Court on May 26, 2005 pursuant to 28 U.S.C. § 1441 *et seq.*, on the basis of diversity of citizenship. See 28 U.S.C. § 1332. On June 22, 2005, plaintiff filed a motion to remand the action to state court on the grounds that removal was untimely. Defendant has not responded to the motion to remand.

Pursuant to the removal statute, a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...." 28 U.S.C. § 1446(b). This statutory time limit, while not jurisdictional, is mandatory and is strictly enforced, absent a finding of waiver or estoppel. See Somlyo v. J. Lu-Rob Enter.,

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 7|5|05

5

Inc., 932 F.2d 1043, 1046 (2nd Cir. 1991); City of Albion v. Guaranty Nat'l Ins. Co., 35 F.
Supp. 2d 542, 544 (W.D. Mich. 1998).   The party seeking removal has the burden of
establishing that removal is proper.   Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th
Cir. 1993).

In the notice of removal filed in this case, it is recited that the defendant was served
with the summons and complaint on April 29, 2005.   Service on that date would make the
removal on May 26th timely.   However, in the motion to remand, plaintiff asserts that the
defendant was served with the summons and complaint several days prior to April 29, 2005,
rendering the notice of removal untimely.

A copy of the return of service shows that on April 15, 2005 the summons and
complaint were mailed from Trenton, Tennessee, to the defendant at an address in
Winterhaven, Florida, by certified return receipt mail.   The date of delivery is not indicated
on the return receipt card and the date of the postmark is illegible.   However, counsel for the
plaintiff, Limmie Lee Harrell, Jr., states in an affidavit that the return receipt card signed by
the defendant was received by mail at his office in Trenton, Tennessee on Monday, April
25, 2005. The U.S. Postal Service does not deliver mail on Sunday; therefore, the very latest
date the defendant could have received the summons and complaint was Saturday, April 23,
2005.[1]   Harrell's affidavit has not been refuted by the defendant.

---

[1] Given the distance between Winterhaven, Florida and Trenton, Tennessee, the actual delivery may have
occurred even earlier.   It is perhaps possible, but unlikely, that the return receipt card would have been received in
Tennessee on Monday the 25th  if delivery of the summons and complaint was made in Florida on Saturday the 23rd.

As the evidence indicates that the summons and complaint were received by the defendant, at the latest, on April 23, 2005, the notice of removal filed on May 26, 2005 was untimely and removal was improper. Therefore, plaintiff's motion to remand is GRANTED and this case is hereby REMANDED to the Circuit Court of Gibson County, Tennessee, at Trenton. The Clerk of Court is directed to prepare a judgment accordingly.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

14 July 2005
DATE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 1:05-CV-01144 was distributed by fax, mail, or direct printing on July 15, 2005 to the parties listed.

---

L. Lee Harrell
HARRELL & HARRELL
110 Northwest Court Sq.
Trenton, TN 38382

Andrew V. Sellers
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Janice Jones
CIRCUIT COURT, 28TH JUDICIAL DISTRICT
295 NORTH COLLEGE STREET
JUSTICE BUILDING
Trenton, TN 38382

Honorable James Todd
US DISTRICT COURT